FILED
2006 Apr-17 PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| ABN AMRO MORTGAGE GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 06-CV-0089-VEH |
| HOMESTEAD FUNDING CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

     This matter is before the Court on Defendant Homestead Funding Corporation's [hereinafter "Homestead"] February 8, 2006 motion to transfer pursuant to 28 U.S.C. § 1404(a). ABN AMRO Mortgage Group, Inc. [hereinafter "ABN"] commenced this action on December 8, 2005 by filing a complaint in this Court asserting a breach of contract claim against Homestead. [Complaint at 7]. ABN alleges that Homestead breached a contract between the two when Homestead failed to defend and/or indemnify ABN in a legal proceeding which allegedly resulted from Homestead's improper servicing of a loan which had been sold to ABN under a Loan Purchase and Sale Agreement. [Complaint ¶¶ 20, 21]. Homestead has not addressed the allegations in the complaint but has filed a motion in this Court requesting a transfer of venue to the United States District Court for the Northern District of New

York or the United States District Court for the Eastern District of Michigan. [Def. Br. at 1]. This matter is now properly before this Court.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, and in the interest of justice" a civil action may be transferred to any district where it could have been brought. *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1357 (M.D. Ala. 1998) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). However, it has generally been held that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981).

With regard to this issue, "Defendants . . . bear the burden of proof, and must make a convincing showing of the right to transfer." *Mason v. Smithkline Beecham Clinical Lab.*, 146 F. Supp. 2d 1355, 1363 (S.D. Fla. 2001). Various courts have attempted to list the factors that should be considered in determining when an action should be transferred. *See id.* at 1359. The court should consider among other factors, the plaintiff's choice of forum, the location of evidence that will need to be examined, the availability of compulsory process to obtain the testimony of witnesses, the convenience of the parties and witnesses, and when appropriate, the relative ability of the parties to afford the expenses made necessary by the transfer. *See Id.*

at 1359.

## FACTS

Homestead is a corporation organized under the laws of the State of New York, with its principal place of business in Albany, New York. [Miller Aff. at ¶ 4]. ABN is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. [Complaint ¶ 1]. On or about December 29, 2000, ABN and Homestead entered into a Loan Servicing Purchase and Sale Agreement [hereinafter "the agreement"]. [Complaint ¶ 4]. Under the terms of the agreement, Homestead sold to ABN the servicing rights to a pool of residential mortgage loans. [Miller Aff. at ¶ 8]. As an inducement to ABN to enter into the agreement, Homestead allegedly made several material representations upon which ABN relied when entering into the agreement. [Complaint ¶ 4]. Homestead also agreed to indemnify ABN for any "claims, suits, losses, damages, deficiencies, liabilities" associated with "a material breach of any representation or warranty of [Homestead] contained in the agreement" and Homestead's Failure to "comply...with all applicable federal...regulations regarding the...servicing of the loan." [Complaint ¶ 5]. ABN was scheduled to assume servicing of the loans contained in the agreement effective February 3, 2001. [Complaint ¶ 6].

Included in the pool of loans was a loan to George Davis. [Complaint ¶ 6].

Pursuant to the terms of the agreement, Homestead would have been responsible for servicing this loan from March 1, 2000 until February 3, 2001. [Complaint ¶ 6]. George Davis's loan was a 203(k) HUD rehabilitation loan; under the terms of this loan, portions of the money loaned is reserved for renovation work which is to be completed and approved in stages by a HUD inspector. [Complaint ¶ 7]. The work on the Davis home was not completed according to plan; accordingly he defaulted on the terms of the 203(k) HUD loan on or around December 2000. [Complaint ¶ 10]. Because the loan was in default, it should not have been included in the pool of loans sold to ABN. Because this loan was included, ABN asserts that Homestead's responsibility to indemnify ABN was triggered.

George Davis later brought a lawsuit which named ABN as a defendant. [Complaint ¶ 14]. The lawsuit asserted that ABN was liable in tort and contract for the improper servicing of said 203(k) HUD loan which allegedly resulted in Davis's default. [Complaint ¶ 17]. The "improper" servicing of the Davis loan allegedly occurred during 2000, when Homestead was responsible for the loan's servicing. ABN notified Homestead of this action and again requested defense and indemnity over the matter. Homestead denied the request and ABN later settled the claim with George Davis. [Complaint ¶ 18]. ABN now brings suit in this Court to recover damages for breach of contract. Homestead has not addressed the material allegations

in the complaint but is now requesting a transfer of venue.

## ANALYSIS

The first inquiry which must be made is whether this case could have been brought in the Northern District of New York or the Eastern District of Michigan. If the case could not have been brought in either of these courts, then the case cannot be properly transferred to that particular court. *See* 28 U.S.C. § 1404(a). In the instant case, ABN is incorporated under the Laws of the State of Delaware and has its principal place of business in Michigan. [Complaint ¶ 1]. Homestead is incorporated in and has its principal place of business in the State of New York; Homestead does not do business in Michigan. [Miller Aff. at ¶ 4]. Additionally, the amount in controversy exceeds the jurisdictional minimum established by statue. [Complaint ¶ 4]. Accordingly, diversity of citizenship exists and this action could have been brought in the Northern District of New York or the Eastern District of Michigan.

Because the case could have initially been filed in either of the aforementioned districts, the court will continue with its consideration of the transfer. When ruling on a motion to transfer venue, the court should consider among other factors, the plaintiff's choice of forum, the location of evidence that will need to be examined, the availability of compulsory process to obtain the testimony of witnesses, the convenience of the parties and witnesses, and when appropriate, the relative ability

of the parties to afford the expenses made necessary by the transfer. *Mason* 146 F. Supp. 2d at 1359.

    a.   **Plaintiff's choice of forum**

Generally, a plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other factors. *Robinson*, 74 F.3d at 260. Homestead has failed to cite any Eleventh Circuit precedent which would move this court to disturb ABN's choice of forum. Homestead argues that because this case was originally filed in state court and later removed to this court that this lessens the weight which should be accorded to ABN's choice of forum. *Sky Technology Partners, LLC v. Midwest Research Institute*, 125 F. Supp. 2d 286, 292 (S.D. Ohio 2000). However, while it may be true that removal to federal court from state court lessens the weight accorded to this choice, it by no means destroys the deference all together.

Homestead then argues that because the plaintiff has "brought suit in a forum which is not its 'home turf' and which has no connection with the facts of the lawsuit, the convenience of litigating" in this forum is not as great. *Krupp International, Inc. v. Yarn Industries, Inc.* 615 F.Supp. 1103, 1106 (D. Del. 1985). The court rejects this contention. The Northern District of Alabama is where a substantial part of the facts of this case transpired and while this may not be the 'home turf' of ABN, that does not mean that the case should be transferred to the 'home turf' of Homestead. A

transfer is not appropriate when it merely shifts the inconvenience from the defendant to the plaintiff. *See Robinson*, 74 F.3d at 260.

Homestead argues that this case should be brought in either the Northern District of New York or the Eastern District of Michigan. While the court has taken notice that this case may be convenient for ABN to litigate in Michigan, this does not change the fact that the court must give substantial weight to the *plaintiff's* choice. In this instant case ABN has chosen Alabama as its forum and the court will therefore give this decision the weight due.

b.   **The location of evidence**

In the instant case there is not a significant amount of evidence to examine. The parties do not address this specifically and it appears that the majority of evidence will be in the form of witness testimony and contractual documents. Accordingly, the court will not take the location of evidence into consideration when making its decision.

c.   **The convenience of the parties and witnesses**

Within this analysis the court will also consider the availability of compulsory process to obtain the testimony of witnesses.

Homestead argues that the availability of one witness, Santa Benton, who serviced the George Davis loan, will be crucial to its defense of this case and, if the

action remains in this district, it will have no way of compelling the attendance of this key witness. Homestead argues that it could be "seriously prejudiced" by its inability to compel her to testify. However, as previously stated a transfer is not appropriate when it merely shifts the inconvenience from the defendant to the plaintiff. *See Robinson*, 74 F.3d at 260. ABN has cited a number of individuals whom they attend to call at trial and, as to whom, if this action were transferred, ABN would face the same situation Homestead now faces, but on a greater scale. The convenience of Homestead is a factor, but it carries little weight as a transfer would inflict upon ABN at least the same degree of inconvenience.

    d.    **Choice of law**

The parties agree that the agreement at issue contains a choice of law clause mandating Michigan law. However, this factor is not sufficient to warrant a transfer of this case. First, if this Court were to transfer this case to the Northern District of New York, as requested by Homestead, a New York court would have to apply Michigan law. There is no reason to believe that an Alabama court cannot apply New Michigan law but a New York court can. Homestead alternatively asks that this case be transferred to the Eastern District of Michigan. However, none of the other factors argued by Homestead in favor of transfer[1] support a transfer to Michigan.

---

[1] Other than forum selection.

Additionally, Homestead has not pointed to any aspect of Michigan law applicable to this case which will be particularly complex. "Where no complex questions of foreign law are presented, courts consider this factor to be of less importance." *Holmes v. Freightliner, LLC*, 237 F. Supp. 2d 690 at 696 (M.D. Ala. 2002).

    e.    **Forum selection**

Homestead also argues that, because the agreement at issue permits Michigan as the forum, this court should transfer this case to the Eastern District of Michigan. However, the forum selection clause merely permits litigation in Michigan, it does not require it. *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) ("A permissive [forum selection] clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere.") The Court finds this factor insufficient to support transfer of this action.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant Homestead's motion to transfer pursuant to 28 U.S.C. § 1404(a).

**DONE** and **ORDERED** this 17th day of April, 2006.

    **VIRGINIA EMERSON HOPKINS**
    United States District Judge

10